AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

B-02-220

| United States District Court | District Southern District of Texas | | |
|---|---|---|---|
| Name of Movant Orlando G. Machado | Prisoner No. 47583-019 | Case No. 1:01 CR00323-001 1:01 CR00586-001 | |
| Place of Confinement Eden Detention Center at Eden, Texas. | | | |

6-02-CV-094

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 30 2002
CLERK, U.S. DISTRICT COURT
By _____ Deputy

UNITED STATES OF AMERICA v. Orlando Gabriel Machado
(name under which convicted)

**MOTION**

1. Name and location of court which entered the judgment of conviction under attack Southern District of Texas, Brownsville, Tx.

2. Date of judgment of conviction October 18 and December 18, 2001

3. Length of sentence 36 months.

4. Nature of offense involved (all counts) 8 U.S.C. 1326(a) and 1326(b.) Attempted Unlaful entry into the United States after Deportation having previously convicted for Aggravated Felony.

United States District Court
Southern District of Texas
FILED
NOV 19 2002
Michael N. Milby
Clerk of Court

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
I entered a plea of guilty to both counts

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

(2)

—1

AO 243 (Rev. 5/85)

# MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

(If movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

## MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

*Explanation and Instructions—Read Carefully*

(1) This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

(7) When the motion is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

(8) Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

9. If you did appeal, answer the following:

    (a) Name of court __N/A__

    (b) Result _____

    (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☑

11. If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court __N/A__

    (2) Nature of proceeding __N/A__

    (3) Grounds raised __N/A__

    (4) Did you receive an evidentiary hearing on your petition, application or motion? __N/A__
        Yes ☐ No ☐

    (5) Result _____

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: N/A

Supporting FACTS (state *briefly* without citing cases or law) N/A

B. Ground two: N/A

Supporting FACTS (state *briefly* without citing cases or law): N/A

C. Ground three: N/A

Supporting FACTS (state *briefly* without citing cases or law): N/A

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☐ No ☐
(2) Second petition, etc.   Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

This is my first time petitioning for reduction of sentence on this case. My current sentence is of 36 months and would like to ask your pardon and reduce my sentence. At time of my arrest, I have been out from my previous arrest for 3 month and did not know that all of my rights to enter the U.S. were revoked. I'm sorry for this mistake.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

D. Ground four: N/A

Supporting FACTS (state *briefly* without citing cases or law): N/A

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: N/A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing Thelma Odalia Garcia, 301 E. Madison TX, Harlingen TX (956) 425-3701.

    (b) At arraignment and plea Same as above.

    (c) At trial Same as above.

    (d) At sentencing Same as above.

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☑

   (a) If so, give name and location of court which imposed sentence to be served in the future: _____

   (b) Give date and length of the above sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐ No ☑

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

7/24/02
(date)

_____
Signature of Movant

**OPI:** CPD

**NUMBER:** 1330.15

**DATE:** 8/23/2001

**SUBJECT:** Commutation of Sentence, Petition for

**[Bracketed Bold - Rules]**

Regular Type - Implementing Information

1. **[PURPOSE AND SCOPE §571.40. An inmate may file a petition for commutation of sentence in accordance with the provisions of 28 CFR Part 1.**

   **a. An inmate may request from the inmate's case manager the appropriate forms (and instructions) for filing a petition for commutation of sentence.**

   **b. When specifically requested by the U.S. Pardon Attorney, the Director, Bureau of Prisons will forward a recommendation on the inmate's petition for commutation of sentence.]**

Article II, Section 2 of the U.S. Constitution empowers the President of the United States to grant Executive Clemency, including pardon, commutation (reduction) of sentence, remission of time and reprieve. Commutation of the term of a prison sentence is considered only in the most exceptional circumstances.

Rules governing petitions for Executive Clemency such as commutation of sentence, are published in

28 CFR Part 1 (§1.1-1.10).

In accordance with 28 CFR 1.3, a petition for commutation of sentence, including remission of fine, should be filed only if no other form of relief is available, such as from a court of the United States, U.S. Parole Commission, or upon motions under

18 U.S.C. §§ 3582(c) and 4205(g), or if unusual circumstances exist, such as:

- critical illness,
- severity of sentence,
- ineligibility for parole, or
- meritorious service rendered by the petitioner.

2. **SUMMARY OF CHANGES.** This revision:

Requires inmates to submit petitions through their Wardens if they wish expedited consideration by the U.S. Pardon Attorney.

Clarifies what documents staff must send to the U.S. Pardon Attorney with an inmate's petition for commutation of sentence.

Establishes procedures by which the inmate's petition is received and further processed.

3. **PROGRAM OBJECTIVE.** The expected result of this program is:

All inmates will have access to the U.S. Pardon Attorney to request a petition for commutation of sentence.

4. **DIRECTIVES AFFECTED**

a. **Directive Rescinded**

PS 1330.14 Petition for Commutation of Sentence (11/24/97)

b. **Directives Referenced**

PS 5803.07 Progress Reports (2/18/98)

PS 6000.05 Health Services Manual (10/28/97)

c. Rules cited in this Program Statement are contained in 28 CFR 571.40-41.

5. **STANDARDS REFERENCED.** None

6. **PRETRIAL/HOLDOVER/DETAINEE PROCEDURES.** The procedures contained in this Program Statement apply only to sentenced inmates.

7. **[PROCEDURES §571.41**

**a. Staff shall suggest that an inmate who wishes to submit a petition for commutation of sentence do so through the Warden to the U.S. Pardon Attorney. This procedure allows institution staff to forward with the application the necessary supplemental information (for example, sentencing information, presentence report, progress report, pertinent medical records if the petition involves the inmate's health, etc.). Except as provided in paragraph (b) of this section, no Bureau of Prisons recommendation is to be forwarded with the package of material submitted to the U.S. Pardon Attorney.]**

To expedite the Pardon Attorney's consideration of an inmate's petition for commutation of sentence, the inmate **must** send the petition through the Warden to the U.S. Pardon Attorney.

Staff may not refuse to process an inmate's petition for commutation of sentence, even when it appears that the inmate is not eligible. When an inmate submits the petition for commutation of sentence, the Case Manager will document the petition's receipt with a complete entry on the Inmate Activity Record in the Inmate Central File.

Once the petition is received, the Case Manager will have 30 calendar days to compile the required documents and route for the Warden's signature.

When referring an inmate's petition for commutation of sentence, staff **must** include:

Petition for Commutation of Sentence (Form OPA-6);

Pre-sentence Investigation Report (if available);

Judgment in a Criminal Case; and,

The inmate's most recent already existing Progress Report (\tff need not create or update a Progress Report);

If available, staff should also include any other pertinent, documented information.

The Pardon Attorney may later request the following, if necessary:

All pertinent medical records if the petition involves the inmate's health; and

An updated Progress Report.

In the event of a medical emergency certified by the physician at the institution where the inmate is confined, staff must expedite the petition at all levels. In such cases, the documents cited above may be transmitted to the U.S. Pardon Attorney's office via BOPNet Mail ID or Facsimile (Commercial (202) 616-6069). The telephone number is (202) 616-6070.

The U.S. Pardon Attorney may delay and/or return petitions received without proper documentation pending the remaining documentation's receipt.

When the U.S. Pardon Attorney needs **additional** information, a request will be forwarded directly to the Warden of the institution housing the inmate, with a copy to the Assistant Director, Correctional Programs Division, Central Office, Washington DC. In these cases, the Warden must ensure the requested documents are forwarded to the U.S. Pardon Attorney within 15 working days and a copy of the transmittal memorandum provided to the Assistant Director, Correctional Programs Division.

**[b. When specifically requested by the U.S. Pardon Attorney, the Director, Bureau of Prisons shall submit a recommendation on the petition. Prior to making a recommendation, the Director may request comments from the Warden at the institution where the inmate is confined. Upon review of those comments, the Director will forward a recommendation on the petition to the U.S. Pardon Attorney.]**

(1) The Director, through the Assistant Director, Correctional Programs Division, will contact (ordinarily via BOPNet) the Warden for comments, with an information copy sent to the Regional Director.

(2) The Warden must submit a written response to the Assistant Director, Correctional Programs Division (Attention: Administrator, Correctional Programs Branch) within 10 days of receiving the request, and forward an information copy to the Regional Director.

(3) The Director, upon review of all available information, forwards the Bureau's recommendation to the U.S. Pardon Attorney, with a copy to the Warden and Regional Director.

The Director's recommendation is ordinarily one of several reviewed by the U.S. Pardon Attorney and others concerned with the disposition of Clemency Petitions. The Attorney General, or designee, will provide a recommendation to the President on each petition for commutation of sentence.

**[c. When a petition for commutation of sentence is granted by the President of the United States, the U.S. Pardon Attorney will forward the original of the signed and sealed warrant of clemency evidencing the President's action to the Warden at the detaining institution, with a copy to the Director, Bureau of Prisons. The**

**Warden shall deliver the original warrant to the affected inmate, and obtain a signed**

receipt for return to the U.S. Pardon Attorney. The Warden shall take such action as is indicated in the warrant    clemency.]

The Warden is to forward a copy of the warrant of clemency to the Regional Director.

[(1) If a petition for commutation of sentence is granted, institutional staff shall recalculate the inmate's sentence in accordance with the terms of the commutation order.

(2) If the commutation grants parole eligibility, the inmate is to be placed on the appropriate parole docket.

d. When a petition for commutation of sentence is denied, the U.S. Pardon Attorney ordinarily notifies the Warden, requesting that the Warden notify the inmate of the denial.]

The Warden is to forward a copy of the denial to the Regional Director.

8. **FORMS**. The Case Management Coordinator or Executive Assistant may obtain the necessary forms from the:

U.S. Pardon Attorney

500 First Street NW, 4th Floor

Washington DC 20530.

These forms shall also be available on BOPDOCS.


/s/

Kathleen Hawk Sawyer

Director

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
        Sheet 1

# UNITED STATES DISTRICT COURT
## Southern District of Texas
### Holding Session in Brownsville

United States District Court
Southern District of Texas
FILED

OCT 18 2001

Michael N. Milby
Clerk of Court

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| ORLANDO GABRIEL MACHADO-ESQUIVEL | Case Number: **1:01CR00323-001** |
| | **THELMA ODILIA GARCIA** |
| | Defendant's Attorney |

☐ See Additional Aliases sheet.

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   1 on 07/27/2001
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ was found guilty on count(s)  after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 8 U.S.C. §§ 1326(a) and 1326(b) | Attempted Unlawful Entry into the United States after Deportation, having been previously Convicted for an Aggravated Felony | 05/26/01 | 1 |

☐ See Additional Counts of Conviction.

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 09/27/74
Defendant's USM No.: 11243-179
Defendant's Residence Address:
Candido Aguilar #34
Fraccionamiento Santa Cruz
Matamoros, Tamaulipas
Mexico
Defendant's Mailing Address:
Candido Aguilar #34
Fraccionamiento Santa Cruz
Matamoros, Tamaulipas
Mexico

10/05/01
Date of Imposition of Judgment

_Signature of Judicial Officer_

**FILEMON B. VELA**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

Date  October 18, 2001

TRUE COPY I CERTIFY
ATTEST:
MJG(erb)
MICHAEL N. MILBY, Clerk of Court
By _O.H. Aldana_
Deputy Clerk

AO 245B   (Rev. 3/01) Judgment in a Criminal Case
         Sheet 2 -- Imprisonment

Judgment -- Page 2 of 6

**DEFENDANT:** ORLANDO GABRIEL MACHADO-ESQUIVEL
**CASE NUMBER:** 1:01CR00323-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of _____36 months._____

☐ See Additional Imprisonment Terms.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ on _____
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 pm on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 3 -- Supervised Release

Judgment -- Page 3 of 6

DEFENDANT: ORLANDO GABRIEL MACHADO-ESQUIVEL
CASE NUMBER: 1:01CR00323-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3 years.__

The Court further orders the supervised release term be without supervision.

☐ See Additional Supervised Released Terms Sheet

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

☐ See Additional Mandatory Conditions Sheet

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

☒ See Special Conditions of Supervision.

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
Sheet 3 -- Continued 2 -- Supervised Release

Judgment -- Page 4 of 6

DEFENDANT: ORLANDO GABRIEL MACHADO-ESQUIVEL
CASE NUMBER: 1:01CR00323-001

# SPECIAL CONDITIONS OF SUPERVISION

The defendant is not to re-enter the United States illegally.

The defendant is hereby placed on notice that the Court is quite concerned there has been an alarming increase of Driving While Intoxicated and illicit drug violations by persons sentenced by this court to probation or supervised release. Such violations are criminal offenses which would cause mandatory revocation of Probation/Supervised Release and subject to consequences thereof.

AO 245B (Rev. 3/01) Judgment in a Criminal Case
Sheet 5, Part A -- Criminal Monetary Penalties

Judgment -- Page 5 of 6

DEFENDANT: ORLANDO GABRIEL MACHADO-ESQUIVEL
CASE NUMBER: 1:01CR00323-001

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 |

☐ See Additional Terms for Criminal Monetary Penalties Sheet.

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

☐ See Additional Restitution Payees Sheet.

| TOTALS | | $0.00 | $0.00 |
|---|---|---|---|

☐ If applicable, restitution amount ordered pursuant to plea agreement $_____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

☐ Based on the Government's motion, the Court finds that reasonable efforts to collect the special assessment are not likely to be effective. Therefore, the assessment is hereby remitted.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B  (Rev. 3/01) Judgment in a Criminal Case
         Sheet 5, Part B -- Criminal Monetary Penalties

Judgment -- Page 6 of 6

DEFENDANT: ORLANDO GABRIEL MACHADO-ESQUIVEL
CASE NUMBER: 1:01CR00323-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒ Lump sum payment of $ __100.00__ due immediately, balance due
   ☐ not later than _____, and/or
   ☐ in accordance with ☐ C, ☐ D, and/or ☐ E, below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☒ Special instructions regarding the payment of criminal monetary penalties:
    Make all payments payable to: U.S. District Clerk, Attn: Deputy in Charge, 600 E. Harrison Street #101, Brownsville, TX 78520-7114

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number (Including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|

☐ See Additional Defendants Held Joint and Several sheet.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

☐ See Additional Forfeited Property Sheet.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 8/96) Judgment in a Criminal Case for Revocations

United States District Court
Southern District of Texas
FILED

# United States District Court
## Southern District of Texas

Holding Session In **Brownsville**

JAN - 2 2002

Michael N. Milby
Clerk of Court

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| | (For Offenses Committed On or After November 1, 1987) |
| **ORLANDO GABRIEL MACHADO** | Case Number: **1:01CR00586-001** |
| | Paul Hajjar |
| | Defendant's Attorney |

☐ See Additional Aliases - Sheet

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)   Mandatory   of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| 1 | Commission of a Crime: Attempting to Enter the U. S. After Deportation | 05/26/2001 |

☐ See Additional Violations - Sheet

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Social Security No.: 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
Defendant's Date of Birth: 9/27/1974
Defendant's USM No.: 11243-179
Defendant's Residence Address:
Candido Aguilar # 34, Fraccionamiento Santa Cruz
Matamoros, Tamaulipas
Mexico

Defendant's Mailing Address:
Candido Aguilar # 34, Fraccionamiento Santa Cruz
Matamoros, Tamaulipas
Mexico

ADA/scb

December 18, 2001
Date of Imposition of Judgment

Signature of Judicial Officer

**FILEMON B. VELA**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judicial Officer

January 2, 2002
Date

JM

AO 2458 (Rev. 8/96) Judgment in a Criminal Case for Revocations - Imprisonment

DEFENDANT: ORLANDO GABRIEL MACHADO
CASE NUMBER: 1:01CR00586-001

Judgment - Page 2 of 3

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ____10____ months

The term of imprisonment shall run concurrently with the defendant's term of imprisonment pursuant to the judgment in Cr. No. 1:01CR00323-001, Southern District of Texas.

☐ See Additional Imprisonment Terms - Sheet
☐ The Court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ _____ on _____
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ by 2 p.m. on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

**NOTE: U.S. Marshal, this is 1 of _____ Judgments.

AO 245B (Rev. 8/96) Judgment in a Criminal Case for Revocations - Criminal Monetary Penalties

DEFENDANT: ORLANDO GABRIEL MACHADO
CASE NUMBER: 1:01CR00586-001

Judgment - Page 3 of 3

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| Totals: | $100.00 | $0.00 | $0.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement ............  _____

This is not a new monetary penalty. The original assessment was imposed on 02/06/98, and has yet to be satisfied.

☐ See Additional Terms for Criminal Monetary Penalties - Sheet

## FINE

☐ The above fine includes costs of incarceration and/or supervision in the amount of   _____ $0.00

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612 (f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612 (g).

☐ The Court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ The interest requirement is waived.
  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $0.00 | $0.00 | |

☐ See Additional Victims

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.