IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | |
|---|---|
| ORLANDO G. MACHADO,<br>Petitioner,<br><br>VS.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. B-02-220<br>§<br>§ |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the court is Petitioner, Orlando Machado ("Machado") Motion to Vacate or Set Aside Sentence, pursuant to 28 U.S.C. § 2255. For the reasons stated below it is recommended that the motion be denied.

### I. Background

In the United States District Court for the Northern District of Georgia, in case no. 4:97-CR-004-03, Machado plead guilty to conspiracy with intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. A judgment was imposed on February 6, 1998, and Machado was sentenced to forty months imprisonment and five years of supervised release.

Shortly after his release, Machado was arrested again. In the United States District Court for the Southern District of Texas, Cr. No. B-01-323, Machado plead guilty to attempting unlawful entry into the United States after deportation, having been previously convicted for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b). A judgment was imposed on October 5, 2001, and Machado was sentenced to thirty-six months of imprisonment and a supervised release term of three years.

The Georgia court transferred jurisdiction to the Southern District of Texas.

Subsequently, in Cr. No. B-01-586, Machado plead true to a violation of his Georgia 1998 supervised release term. A judgment was imposed on December 18, 2002, and Machado was sentenced to 10 months of imprisonment to run concurrently with the 36 months imposed in Cr. No. B-01-323.

On October 30, 2002, Machado filed a Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255, in the United States District Court for the Northern District of Texas. District Judge, Sam R. Cummings ordered the motion to be transferred to the Southern District of Texas.

Machado, in his motion, indicates that he is filing for relief from his October 2001 conviction in Cr. No. B-01-323. Machado used a pre-printed form to submit his motion. In the section which instructs the petitioner to list every ground on which he/she is basing the motion, Machado entered "N/A". Machado only stated that, "At the time of my arrest, I have been out from my previous arrest for 3 month and did not know that all of my rights to enter the U.S. were revoked. I'm sorry for this mistake."

## II. Analysis

### A. Motion is Time Barred

§ 2255 provides for a 1-year period of limitations which runs from the latest of -

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could

have been discovered through the exercise of due diligence.

For purposes of defining a "final" conviction, the Fifth Circuit in *U.S. v. Gamble*, 208 F.3d 536 (5th Cir. 2000) held that a defendant's conviction becomes final and the one-year limitations period for filing motions to vacate begins to run, upon expiration of time for seeking certiorari in United States Supreme Court.

In this case, Machado did not appeal his conviction. As a result, his conviction became final when the ten day period permitted for filing a notice of appeal pursuant to FED. R. APP. P. 4(b)(1)(A) expired. Machado's date of conviction was October 5, 2001, which became final ten business days later on October 22, 2001.[1] Thus, Machado had until October 22, 2002, to file his motion for the first conviction. However, he did not file until October 30, 2002. As a result, the motion is time barred with respect to Machado's first conviction.

**B. Failure to Make a Claim**

In order for the court to consider a motion under § 2255, the petitioner must present facts and legal grounds which would entitle him to relief. It is the duty of the trial court to conduct a hearing, determine issues, and make findings of fact and conclusions of law with respect thereto, unless the motion and files and records of the case conclusively show that prisoner is entitled to no relief. *Kennedy v. U.S.*, 249 F.2d 257 (5th Cir. 1957). More specifically, a hearing is not required on a petitioner's motion to vacate sentence on patently frivolous claims or those which are based upon unsupported generalizations. *U.S. v. Guerra*, 588 F.2d 519 (5th Cir. 1979).

In this case, Machado failed to state any facts or make any arguments in support of his

---

[1] Columbus Day, October 8, 2001, was a federal holiday.

motion. There are no findings of fact or conclusions of law to be made with respect to the motion, as Machado has not presented a claim.

### III. Recommendation

Machado's motion under § 2255 is faulty on two levels. First, his motion is time barred and second, he failed to state any grounds for relief or facts in support thereof.

**IT IS RECOMMENDED** that Machado's Motion to Vacate or Set Aside Sentence pursuant to 28 U.S.C. § 2255, be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 25th day November, 2002.

John Wm. Black
United States Magistrate Judge

4